UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| *In re:* Bret O. Whipple, Attorney at Law, Bar No. 6168 | Case No. 2:21-cv-01941-MMD<br><br>ORDER OF SUSPENSION |

**I.      SUMMARY**

This is an attorney discipline matter. Before the Court is Bret O. Whipple's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on September 17, 2021. (ECF Nos. 1 (OSC), 5 (the "Response").) As further explained below, the Court will suspend Attorney Whipple from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Attorney Whipple's compliance with the probationary conditions the NSC imposed on him despite his unprompted retention of monitoring counsel at his own expense. However, Attorney Whipple may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

**II.     BACKGROUND**

Attorney Whipple was suspended by the NSC following his conditional guilty plea to a charge that he violated: "RPC 1.15 (safekeeping property), RPC 5.3 (responsibilities regarding nonlawyer assistants), and RPC 8.1 (disciplinary matters). (ECF No. 1 at 6.) He agreed to a one-year suspension stayed for 18 months provided he complies with certain probationary conditions. (*Id.* at 7-8.) That means that the NSC will release Attorney

Whipple from probation sometime in 2023 assuming he complies with the conditions imposed on him.

This Court issued the OSC as to why Attorney Whipple should not be suspended from practice in this Court on September 20, 2021. (ECF No. 1.) Attorney Whipple timely filed his Response on October 20, 2021. (ECF No. 5.) In his Response, Attorney Whipple notes in pertinent part that he has taken it upon himself to hire experienced federal counsel, at his own expense, to monitor his compliance with the probationary conditions the NSC imposed on him. (*Id.* at 7-8.) As to why the Court should not suspend him, Attorney Whipple first argues that his clients in the five federal cases he is currently handling will be prejudiced if he cannot proceed as their counsel and proffers supportive letters from clients to this effect. (*Id.* at 8-10.) Second, Attorney Whipple argues it was the intent of the Nevada State Bar and himself to enter into a stayed suspension, so this Court should not impose a harsher sanction than the parties agreed to by treating his stayed suspension as an actual suspension in this Court. (*Id.* at 10.) Attorney Whipple then argues that the facts of his case do not warrant a suspension by this Court. (*Id.* at 10-11.) Attorney Whipple fourth argues that the cases he is currently handling before this Court do not involve client trust funds, so there is little risk of him running into any further client trust fund issues in his current federal cases. (*Id.* at 11.) Attorney Whipple concludes by astutely recognizing that this Court has tended to treat stayed suspensions by the NSC as actual suspensions, in the sense that this Court generally suspends attorneys subject to NSC probationary conditions and encourages them to petition for reinstatement once they have successfully discharged those probationary conditions. (*Id.* at 11-12.) However, Attorney Whipple argues, he has preemptively alleviated any burden on the Court by retaining monitoring counsel and therefore his case should be treated differently. (*Id.* at 12.)

**III.   DISCUSSION**

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's

disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Attorney Whipple from practice before this Court because the NSC's disciplinary adjudication regarding Attorney Whipple following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Indeed, Attorney Whipple concedes there was nothing improper about the NSC's disciplinary adjudication. (ECF No. 5 at 8.) Further, and as noted above, while Attorney Whipple does appear to be allowed to practice in the Nevada state courts, he is also subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 1 at 7-8.)

Despite Attorney Whipple's good faith efforts to obtain monitoring counsel and valid arguments, the Court sees no substantial reasons not to suspend Attorney Whipple based on its review of the record. *See* LR IA 11-7(e)(3). As Attorney Whipple correctly identified in his Response, the Court's practice is to treat stayed suspensions by the NSC as actual suspensions in this Court, following the NSC's lead in cases where it imposes discipline instead of creating a parallel monitoring system like Attorney Whipple proposes. The Court does not wish to create an exception for Attorney Whipple in this case, or a parallel monitoring system like he proposes. "Admission to practice before the Supreme Court of Nevada, in good standing, is a continuing condition of admission to the bar of this court." LR IA 11-1(a)(1). Attorney Whipple is not currently in good standing with the NSC. Thus, he cannot currently satisfy a prerequisite for admission to the bar of this

Court. Moreover, as noted both above and in other, similar orders, the Court has neither the obligation, resources, nor inclination to monitor compliance with the probationary conditions the NSC imposed on Attorney Whipple—even if monitoring counsel takes some of that burden from the Court. The Court will therefore suspend Attorney Whipple.

That said, Attorney Whipple is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Attorney Whipple has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC, such as a letter from the Nevada State Bar confirming he successfully discharged his probation.

## IV.   CONCLUSION

It is therefore ordered that Brett O. Whipple, Bar No. 6168, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 10th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b) and LR 5-1, I hereby certify that I am an employee of United States District Court, and that on this 10th day of January 2022, I caused to be served a true and correct copy of the foregoing Order of Suspension to the following parties via Certified Mail, Return Receipt Requested via the United States Postal Service, in a sealed envelope, postage prepaid, to the following:

>Bret O. Whipple
>1100 S. Tenth Street
>Las Vegas, NV 89104

>Certified Mail No.: 7018 3090 0001 1163 9535

>/s/ Lorena Q.
>Deputy Clerk
>United States District Court,
>District of Nevada